UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICIA G.,

                     Plaintiff,

        v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                     Defendant.
_____

**DECISION
and
ORDER

19-CV-6260F
(consent)**

APPEARANCES:            LAW OFFICES OF KENNETH R. HILLER, PLLC
                              Attorneys for Plaintiff
                              KENNETH R. HILLER, and
                              JUSTIN M. GOLDSTEIN, of Counsel
                              6000 North Bailey Avenue, Suite 1A
                              Amherst, New York  14226

                              JAMES P. KENNEDY, JR.
                              UNITED STATES ATTORNEY
                              Attorney for Defendant
                              Federal Centre
                              138 Delaware Avenue
                              Buffalo, New York  14202
                                         and
                              KATHRYN L. SMITH
                              Assistant United States Attorney
                              United States Attorney's Office
                              100 State Street
                              Rochester, New York  14614
                                         and
                              ARIELLA RENEE ZOLTAN
                              Special Assistant United States Attorney, of Counsel
                              Social Security Administration
                              Office of General Counsel
                              26 Federal Plaza
                              Room 3904
                              New York, New York  10278

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On October 14, 2020, the parties to this action, consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned. (Dkt. 19). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on January 20, 2020 (Dkt. 12), and by Defendant on May 15, 2020 (Dkt. 17).

## BACKGROUND

Plaintiff Carol M. ("Plaintiff"), brings this action under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on April 9, 2016, for Social Security Disability Insurance ("SSDI") under Title II of the Act ("disability benefits"). Plaintiff alleges she became disabled on November 24, 2015, based on severe anxiety, extreme and uncontrollable shaking, and depression. AR[2] at 30, 165, 169. Plaintiff's application initially was denied on August 16, 2016, AR at 67-78, and at Plaintiff's timely request, AR at 96-97, on June 15, 2018, a hearing was held in Binghamton, New York before administrative law judge Jeremy G. Eldred ("the ALJ"). AR at 35-65 ("administrative hearing"). Appearing and testifying at the administrative hearing were Plaintiff, represented by Matthew F. Nutting, a non-attorney representative, and vocational expert David A. Festa ("the VE").

On July 6, 2018, the ALJ issued a decision denying Plaintiff's claim, AR at 19-34 ("ALJ's Decision"), which Plaintiff timely appealed to the Appeals Council. AR at 145-48. On February 11, 2019, the Appeals Council denied Plaintiff's request for review, AR

---

[2] References to "AR" are to the page of the Administrative Record electronically filed by Defendant on July 3, 2019 (Dkt. 5).

at 1-8, rendering the ALJ's Decision the Commissioner's final decision.  On April 5, 2019, Plaintiff commenced the instant action seeking review of the ALJ's Decision.

On January 20, 2020, Plaintiff moved for judgment on the pleadings (Dkt. 12) ("Plaintiff's Motion"), attaching Plaintiff's Memorandum of Law in Support of a Motion for Judgment on the Administrative Record (Dkt. 12-1) ("Plaintiff's Memorandum").  On May 15, 2020, Defendant moved for judgment on the pleadings (Dkt. 17) ("Defendant's Motion"), attaching Commissioner's Brief in Support of the Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Civil Rule 5.5 (Dkt. 17-1) ("Defendant's Memorandum").  Filed on May 21, 2020, were Plaintiff's Reply Arguments (Dkt. 18) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

# FACTS[3]

Plaintiff Patricia G. ("Plaintiff"), born December 14, 1954, was 60 years old as of her amended alleged disability date ("DOD") of November 24, 2015, AR at 22, 39, 165, and 63 years old as of July 6, 2018, the date of the ALJ's Decision.  AR at 30.  Upon applying for disability benefits, Plaintiff was married and lived in a house with her husband, and two pet dogs.  AR at 39, 51-52, 245.  Plaintiff also has two adult children who do not live with her.  AR at 245.  Plaintiff graduated high school where she attended regular classes, but did not complete any specialized training, trade, or vocational school.  AR at 170.  Plaintiff's past relevant work ("PRW") includes working in

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

the medical field as machinist and optician, AR at 170, and worked as an optical manager for an eye doctor for eight years. AR at 245. Most recently, Plaintiff worked for five years as a machinist, quitting because of worsening anxiety symptoms. AR at 57, 245.

It is undisputed that Plaintiff suffers from anxiety, depression, and asthma, and experiences tremors for which no physical cause has been determined and which have repeatedly been attributed to Plaintiff's anxiety. AR at 24-25. At all times relevant to her claim for disability benefits, Plaintiff was followed for primary care at Arnot Health, Horseheads, New York, where treatment providers included Nadanaguru Akila, M.D. ("Dr. Akila"), Tina Burt, ANP ("NP Burt"), AR at 266-338, and for mental health at Clinical Social Work and Counseling Services of the Finger Lakes, where she saw psychiatrist Wei Chen, M.D. ("Dr. Chen"). AR at 234-44, 259-62, 266-338. In connection with her disability benefits application, Plaintiff underwent a consultative psychiatric evaluation by Brett T. Harman, Psy.D. ("Dr. Harman"), on July 14, 2016, AR at 245-50, and a consultative internal medicine examination by Gilbert Jenouri, M.D. ("Dr. Jenouri"), on August 9, 2016, AR at 252-55. Medical source statements were completed by Dr. Chen on April 23, 2018, AR at 239-41, and by NP Burt on April 28, 2018. AR at 263-65. In 2016, Plaintiff reported to NP Burt that she quit her job and went on long-term disability because of stress. AR at 263. On August 16, 2017, state agency review psychological consultant A. Chapman, Psy.D. ("Dr. Chapman"), completed an initial disability determination in connection with the initial denial of Plaintiff's disability benefits application. AR at 68-78.

4

**DISCUSSION**

**1.      Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*  It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence.  *Id.*  "Congress has

instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982). In short, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision.*"  *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 59 (2d Cir. 2013) (italics in original).  "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise.*'" *Id.*, 523 Fed.Appx. at 58-59 (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original).

## 2.     Disability Determination

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits.  *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a).  The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Third, if there is an impairment and the impairment, or its equivalent, is

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. §§ 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c).  The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).  All five steps need not be addressed because if the claimant fails to meet the criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if

the claimant meets the criteria for the third or fourth step, the inquiry ceases with the claimant eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.

     In the instant case, the ALJ found Plaintiff met the insured status requirement for SSDI through September 30, 2020, AR at 24, has not engaged in substantial gainful activity since November 24, 2015, her alleged disability onset date, *id.*, and suffers from the severe impairments of anxiety disorder, depressive disorder, and asthma, *id.*, but that the evidence in the record fails to establish Plaintiff's asserted tremors are of the severity to be considered a medically determinable impairment, *id.* at 24-25, and that Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id.* at 25-26.  Despite her impairments, the ALJ found Plaintiff retains the RFC to perform a full range of work at all exertional levels, except she must avoid frequent exposure to temperature extremes, humidity, wetness, concentrated levels of dust, odors, fumes, and gases, and mentally can perform only simple, routine tasks, and can make only simple work-related decisions.  AR at 26-28.  The ALJ also found Plaintiff is unable to perform any PRW, *id.* at 28, yet Plaintiff, based on her age of 60 as of her alleged disability onset date, high school education, ability to communicate in English, RFC, the VE's testimony at the administrative hearing, and in accordance with the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 ("the Grids"), could perform other work existing in significant numbers in the national economy including as an office helper, order caller, and routing clerk.  *Id.* at 28-29.  Further, the transferability of Plaintiff's skills from her PRW to the jobs identified by the VE was not material to the determination under the Grids that Plaintiff is not disabled.

*Id.* at 29-30.  Based on these findings, the ALJ determined Plaintiff is not disabled as defined under the Act.  *Id.* at 30.

Plaintiff does not contest the ALJ's findings with regard to the first two steps of the five-step analysis, but argues that at the third step, the ALJ erred by failing to properly consider the evidence in assessing Plaintiff's mental RFC according to the relevant "special technique," Plaintiff's Memorandum at 10-13, the ALJ's mental RFC finding is not supported by substantial evidence in the record, *id.* at 13-20, and the ALJ's failure to properly consider the evidence of Plaintiff's tremors, including objective medical reports and Plaintiff's own subjective statements, caused the ALJ to find the tremors are not a severe impairment, *id.* at 20-28.  In opposition, Defendant argues the ALJ's step three findings are supported by substantial evidence, Defendant's Memorandum at 6-13, the ALJ considered the totality of the evidence in assessing Plaintiff's mental RFC including Dr. Chen's medical opinion, *id.* at 13-21, and the ALJ properly considered the evidence of Plaintiff's tremors, *id.* at 22-26, as well as Plaintiff's subjective statements regarding her symptoms and limitations.  *Id.* at 26-28.  In reply, Plaintiff argues the ALJ erred by arbitrarily rejecting the greater limitations assessed by the consultative examiner and Plaintiff's treating psychiatrist, Plaintiff's Reply at 1-6, failing to follow the "special technique" applicable to mental functioning assessments, *id.* at 6-8, rejecting the greater limitations contained in NP Burt's opinion without explanation, *id.* at 8-9, and failing to employ the appropriate legal standards in evaluating the consistency of Plaintiff's subjective complaints.  *Id.* at 9-10.  There is no merit to Plaintiff's arguments.

Plaintiff's argument that at the third step, the ALJ erred by failing to properly consider the evidence in assessing Plaintiff's mental RFC according to the relevant "special technique," Plaintiff's Memorandum at 10-13, refers to a requirement set forth in the regulations that consideration of the functional limitations posed by mental impairments must include consideration of "four broad functional areas" including functional limitations in the claimant's ability to "[u]nderstand, remember or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." 20 C.F.R. § 404.1520a(c)(3). Evaluation of the degree of limitation a claimant's mental impairment poses in each functional area "uses a five-point scale" ranging from "[n]one, mild, moderate, marked, and extreme" with "extreme" representing "a degree of limitation that is incompatible with the ability to do any substantial gainful activity." 20 C.F.R. § 404.1520a(c)(4).

In the instant case, despite Plaintiff's argument to the contrary, Plaintiff's Memorandum at 10-13, a plain reading of the ALJ's decision establishes the ALJ sufficiently considered the impact of Plaintiff's mental impairment on her ability to function in each of the four specified areas, assessing Plaintiff's degree of impairment as "mild" in the areas of understanding, remembering, or applying information, interacting with others, and concentrating, persisting, or maintaining pace, and "moderate" with regard to adapting or managing oneself. AR at 25. Significantly, the ALJ was not required to separately discuss each of the four areas, but only to provide a separate rating for each of the four functional areas. *See Kohler v. Astrue*, 546 F.3d 260, 266 (2d Cir. 2008) (finding ALJ failed to comply with the special technique by failing to make "specific findings with respect to each of the four functional areas

10

described in § 404.1520a(c)."). Accordingly, the ALJ properly applied the special technique in evaluating Plaintiff's mental impairment.

Insofar as Plaintiff argues the ALJ's mental RFC finding is not supported by substantial evidence in the record, Plaintiff's Memorandum at 13-20, a thorough review of the record establishes the ALJ, in evaluating Plaintiff's mental impairment, considered the treatment notes and opinion of Plaintiff's treating psychiatrist Dr. Chen, as well as Dr. Hartman's consultative opinion, and Dr. Chapman's agency review findings, none of which establishes Plaintiff is disabled by her mental impairments. Although Plaintiff argues the ALJ did not consider Dr. Chen's treatment notes, Plaintiff's Memorandum at 12-13, a plain review of the record establishes the ALJ specifically referenced Dr. Chen's treatment notes, AR at 28 (refencing Exh. 1F consisting of Dr. Chen's treatment notes). Significantly, the ALJ need not separately recite every piece of evidence that contributed to the decision so long as the ALJ's rationale for the decision can be gleaned from the record. *Cichocki v. Astrue*, 729 F.3d 172, 178 and n. 3 (2d Cir. 2013) (considering ALJ's statement that he considered all of the claimant's "medically determinable impairments" in undertaking the sequential evaluation process applied the proper legal standard and was supported by substantial evidence because an ALJ need not recite every piece of evidence that contributed to the decision, so long as the record "permits us to glean the rationale of an ALJ's decision") (citing *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983)). Here, Dr. Chen's treatment progress notes establish Dr. Chen treated Plaintiff from November 25, 2015, through May 23, 2016, AR at 234-44, and from November 17, 2016, through September 11, 2017, AR at 259-62, with Dr. Chen completing a Medical Source Statement on April 23, 2018. AR at 339-41. Dr.

11

Chen repeatedly diagnosed Plaintiff with anxiety relating to her previous work as a machinist, AR at 235 (May 23, 2016), 236 (April 18, 2016), 237 (March 28, 2016), 239 (February 29, 2016), 240 (January 25, 2016), 241 (December 21, 2015), 242-44 (November 23, 2015). Some shaking and mild tremors were repeatedly found and attributed to Plaintiff's anxiety disorder, with Dr. Chen commenting that Plaintiff's anxiety would interfere with Plaintiff's working, particularly working with others. *Id.* These treatment notes are consistent with Dr. Chen's April 23, 2018 Medical Source Statement evaluating the impact of Plaintiff's mental impairment on her ability to perform work-related functions. AR at 339-41. Dr. Chen particularly reported treating Plaintiff every one to three months since November 23, 2015 for anxiety, not otherwise specified. AR at 339. According to Dr. Chen, despite Plaintiff's anxiety, her mental abilities and aptitudes to perform unskilled work were "unlimited or very good" with regard to understanding and remembering very short and simple instructions, carrying out short and simple instructions, making simple work-related decisions, asking simple questions or requesting assistance, being aware of normal hazards and taking appropriate precautions, and adhering to basic standards of neatness and cleanliness, AR at 340-41, were "limited but satisfactory" with regard to remembering work-like procedures, maintaining attention for two hour segments, maintaining regular attendance and being punctual within customary, usually strict tolerances, sustaining an ordinary routine without special supervision, working in coordination with or proximity to others without being unduly distracted, accepting instructions and responding appropriately to criticism from supervisors, getting along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes, interacting appropriately with the general public,

maintaining socially appropriate behavior, traveling in unfamiliar places, and using public transportation, *id.*, and were seriously limited but not precluded with regard to performing at a consistent pace without an unreasonable number and length of rest periods, responding appropriately to changes in a routine work setting, and dealing with normal work stress. *Id.* Dr. Chen further reported Plaintiff's anxiety was likely to cause Plaintiff to be absent from work more than four days per month. *Id.* at 341. In evaluating Dr. Chen's opinion, the ALJ found the areas Dr. Chen considered "seriously limited, but not precluded" to be accommodated by limited Plaintiff to simple, unskilled work, AR at 28, and gave "little weight" to Dr. Chen's assertion that Plaintiff would be absent from work more than four days a week because "a need for such frequent medical-related absences from work is not consistent with the specific function-by-function limitations set forth by Dr. Chen elsewhere in his assessment," AR at 28, and because the determination of whether a claimant is unable to work is reserved to the ALJ. *Id.* Significantly, a thorough review of Dr. Chen's treatment notes shows they do not contain any statements consistent with Dr. Chen's assertion that Plaintiff would be likely to miss work more than four days per month, with Dr. Chen only indicating that Plaintiff's anxiety would make it difficult for Plaintiff to work around others. AR at 240. The ALJ also considered Dr. Hartman's July 14, 2016 consultative opinion diagnosing Plaintiff with generalized anxiety disorder and adjustment disorder with depressed mood, AR at 25-26 (citing AR 248,) and that Plaintiff is able to follow and understand simple instructions, perform simple tasks, has a fair ability to maintain a regular schedule, learn new tasks, independently perform complex tasks, and make appropriate decisions, has mild difficulty maintaining attention and concentration, and relating

adequately to others, and moderate problems dealing appropriately with the normal stressors of life. *Id.* Significantly, The ALJ is permitted to rely on the opinion of a consultative examiner provided the opinion is supported by and consistent with other evidence in the record, *see Camille v. Colvin*, 652 Fed.Appx. 25, 28 (2d Cir. 2016) ("'[T]he opinion of a treating physician is not binding if it is contradicted by substantial evidence, and the report of a consultative physician may constitute such evidence.'" (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983))). The report of a consultative psychologist also may constitute substantial evidence. *Petrie v. Astrue*, 412 Fed.Appx. 401, 405-06 (2d Cir. 2011).

The ALJ also considered that Dr. Chapman's agency review findings similarly showed Plaintiff with only "mild" difficulties in maintaining social functioning and no more than "moderate" difficulties maintaining concentration, persistence, or pace, and concluded Plaintiff has "moderate" restriction of activities of daily living with no episodes of decompensation of extended duration. AR at 26 (citing AR at 68-78). It is significant that the relevant regulations require ALJs consider the opinions of state agency consultants because they are highly qualified experts in Social Security disability evaluations. 20 C.F.R. §§ 404.1513a(b)(1), 404.1527(c) and (e). Based on these same criteria, the opinions of such non-examining sources can constitute substantial evidence in support of an ALJ's decision. *Diaz v. Shalala*, 59 F.3d 307, 313 n. 5 (2d Cir. 1995).

To summarize, in the instant case, the evidence in the record establishes at most that it is susceptible to more than one rational interpretation, including the ALJ's Decision that Plaintiff is not disabled under the Act. *See McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational

interpretation, the Commissioner's conclusion must be upheld."); *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 58-59 (2d Cir. 2013) ("Under this 'very deferential standard of review [applicable to actions challenging an administrative decision on a disability benefits claim],' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'" (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012)) (italics in original). Indeed, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*." *Bonet ex rel. T.B.*, 523 Fed.Appx. at 59 (italics in original). Despite the possibility of an alternate interpretation, in this case, the record provides substantial evidence to sustain the ALJ's decision.

Nor is there any merit to Plaintiff's argument that the ALJ failed to properly consider the evidence of Plaintiff's tremors, including objective medical reports and Plaintiff's own subjective statements, which caused the ALJ to find the tremors are not a severe impairment. Plaintiff's Memorandum at 20-28. Rather, substantial evidence in the record fails to establish any treatment provider considered Plaintiff's tremors, which were repeatedly attributed to her anxiety, as other than "mild." *See, e.g*, AR at 235 (Dr. Chen describing Plaintiff on May 23, 2016 with "minimal tremor of her hand"); Plaintiff's tremors as "mild"); AR at 276-77 (Dr. Akila reporting on April 5, 2018 that Plaintiff had "shakiness and tremors" but that Plaintiff did most of the driving because her husband was no longer able to drive). Despite routinely reporting that Plaintiff presented with anxiety-related shakiness and tremors, *see, e.g.*, AR at 235-40, Dr. Chen's medical source statement does not include any reference to Plaintiff's shakiness and tremors let alone that the tremors had any impact on Plaintiff's ability to work. Further, in his

15

August 9, 2016 consultative internal medicine examination, Dr. Jenouri observed Plaintiff with "bilateral upper extremity tremors," yet also found Plaintiff with "hand and finger dexterity intact," and "grip strength 5/5 bilaterally."  AR at 254.  This is consistent with NP Burt's April 26, 2018 medical source statement that Plaintiff, despite tremors that increased with her anxiety, AR at 263, Plaintiff could occasionally, as opposed to frequently, grasp, turn, and twist objects with her hands, engage in fine finger manipulations, and reach overhead.  AR at 264-65.  Accordingly, substantial evidence in the record supports the ALJ's determination that Plaintiff's hand tremors did not significantly limit Plaintiff's ability to perform basic work activities such that the ALJ did not err by failing to consider the tremors a severe impairment.

     Nor did the ALJ incorrectly evaluate the consistency of Plaintiff's subjective complaints with the evidence in the record.  Rather, the ALJ considered that Plaintiff's subjective complaints of her mental impairment were not supported by Dr. Hartman's findings of mildly impaired attention and concentration, intact memory, appropriate eye contact, cooperative behavior, coherent and goal directed thought processes, fair insight and judgment, and average intellectual functioning.  AR at 27 (citing AR at 246-47).  The ALJ further considered Plaintiff reported to Dr. Hartman that she was able to perform personal care tasks, cook, clean, do laundry, go shopping with her husband, and manage household finances, AR at 25 (citing AR at 247), watch television, sit in a recliner, work on the computer, and watch her husband work outside.  *Id.* (citing AR at 248).  The ALJ further observed that although Plaintiff claimed her tremors prevented her from driving, Plaintiff admitted at the administrative hearing she gets around by driving and drove to the administrative hearing, and further testified to working outside

including mowing the lawn, cleaning, and grocery shopping.  AR at 27 (citing AR at 39-40, 50).  The ALJ thus articulated good reasons for discounting Plaintiff's subjective complaint as not entirely consistent with the evidence in the record.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 12) is DENIED; Defendant's Motion (Dkt. 17) is GRANTED.  The Clerk of Court is directed to close the file.
SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    February 24th, 2021
          Buffalo, New York